IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| REBECCA S.,[1] | Case No. 6:20-cv-01289-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Rebecca S.'s ("Plaintiff") motion pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees she incurred in litigating this case. The Commissioner of the Social Security Administration ("Commissioner") asks the Court to reduce Plaintiff's requested EAJA fee award by at least ten

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is substituted for Andrew Saul as the defendant. *See* FED. R. CIV. P. 25(d)(1).

PAGE 1 – OPINION AND ORDER

percent, arguing that Plaintiff's fee request "is unreasonable under the circumstances of this particular Social Security case." (Def.'s Resp. at 2.) For the reasons explained below, the Court grants Plaintiff's motion for EAJA fees, and awards Plaintiff EAJA fees in the amount of $12,861.07.

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. An Administrative Law Judge ("ALJ") found that Plaintiff was not disabled and denied her DIB application. Plaintiff timely appealed to federal court.

On appeal, Plaintiff argued that the ALJ erred by failing to provide legally sufficient reasons for discounting medical opinion evidence and Plaintiff's symptom testimony. Plaintiff also argued that if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. The Court agreed, and remanded the case for an award of benefits on November 15, 2021 in a 20-page opinion (ECF No. 18).

## DISCUSSION

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner acknowledges that Plaintiff was the prevailing party, and that the agency's position was not substantially justified. (*See* Def.'s Resp. at 2 n.1, the Commissioner "concedes that Plaintiff is the prevailing party under the EAJA and does not raise the issue of substantial justification"). The Commissioner, however, argues that the Court should reduce Plaintiff's fees by at least ten percent because her overall requested hours are unreasonable where Plaintiff's counsel spent too much time preparing the 35-page

PAGE 2 – OPINION AND ORDER

opening brief and too much time overall in light of her experience, she billed for clerical time, and she included time spent preparing the EAJA fee application. (Def.'s Resp. at 2-6.)

Courts apply the "lodestar" method to determine a reasonable EAJA fee award. *See Costa*, 690 F.3d at 1135. "To calculate the lodestar amount, the [district] court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'"[3] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In assessing the number of hours reasonably spent on the litigation, courts must keep in mind that "counsel for the prevailing party should exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Id.* (quoting *Hensley*, 461 U.S. at 434). Although "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case[,]' . . . [a] court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

The Court finds that a fee award reduction is not warranted here. First, the Commissioner argues that the overall hours, including the twenty-five hours billed to the opening brief, were excessive in light of the "short" 588-page administrative record and in light of counsel's experience. (Def.'s Resp. at 4.) The Court has again reviewed the record and Plaintiff's opening and reply briefs, as well as her fee application, and concludes that billing 52.7 hours through the EAJA fee application was not unreasonable in light of the length of the record, counsel's experience, and the complexity of the legal and factual issues raised on appeal here. *See, e.g.*,

---

[3] The Commissioner does not challenge the reasonableness of the requested hourly rates ($207.78 in 2020 and $217.54 in 2021 and 2022 to date). (*See* Pl.'s Appl. at 2; Def.'s Resp. at 2 n.1.)

*Costa*, 690 F.3d at 1136 (holding that the district court abused its discretion by reducing the number of hours requested by counsel, approving 60.5 total hours where the plaintiff's opening brief was 17 pages long, and noting that looking to other cases is "less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained"); *Kenneth V. v. Berryhill*, 3:17-cv-01575-JR, 2019 WL 377613, at *5 (D. Or. Jan. 30, 2019) (approving 73.4 billable hours in a Social Security disability appeal involving a 35-page opening brief and a 589-page record); *Fischer v. Colvin*, 6:15-cv-00707-AA, 2016 WL 6908099, at *4 (D. Or. Nov. 21, 2016) (approving 60.6 billable hours in a Social Security disability appeal involving a 37-page opening brief where the record was less than 300 pages); *see also Buzbee v. Colvin*, 3:15-cv-00597-MC, 2016 WL 2756173 at *2 (D. Or. May 11, 2016) ("I also dismiss outright the argument that counsel's extensive experience in this area lends to the unreasonableness of her billed hours. If anything, counsel's experience bolsters her judgment, to which the Ninth Circuit would have me defer." (citing *Costa*, 690 F.3d at 1136)).

Second, the Commissioner argues that some of the billable entries reflect clerical time not properly included in an EAJA fee application. (Def.'s Resp. at 4-5.) The Court agrees that clerical time is not properly included in a fee application. *See, e.g.*, *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) ("We find that the district court did not abuse its discretion in declining to award [the plaintiff] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons." (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989), *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009), and *Brandt v. Astrue*, No. 08-0657-TC, 2009 WL 1727472, at *3 (D. Or. June 16, 2009))). However, the

PAGE 4 – OPINION AND ORDER

Commissioner does not point to any examples of improper clerical time in Plaintiff's billing records, and the Court's review has not identified any entries for clerical time.

Finally, the Court finds that Plaintiff is entitled to the 6.6 hours she spent preparing the reply in support of her EAJA fee application ($1,435.76 in fees at the 2021 hourly rate of $217.54), because she succeeded on the arguments she advanced in both her application and reply. *See, e.g.*, *Rayborn v. Comm'r of Soc. Sec. Admin.*, No. 3:15-cv-01478-HZ, 2017 WL 626359, at *3-4 (D. Or. Feb. 15, 2017) (awarding $1,150 in fees for preparing a reply in support of an EAJA fee motion); *cf. Kirkland v. Comm'r Soc. Sec. Admin.*, No. 3:17-cv-01729-SI, 2019 WL 1767882, at *3 (D. Or. Apr. 22, 2019) (declining to "award fees for the time spent in preparing Plaintiff's reply in support of its fee petition because Plaintiff did not succeed on the arguments advanced in the reply brief").

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's motion for EAJA fees (ECF No. 20), and AWARDS Plaintiff EAJA fees in the amount of $12,861.07. This fee award shall be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

///

///

///

///

///

///

If Plaintiff has no such debt, the check shall be made out to Plaintiff's attorney and mailed to her office as follows: Laurie B. Mapes, P.O. Box 1241, Scappoose, Oregon 97056. If Plaintiff has such a debt, the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2022.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge